IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FRANCIS R. FERRI, : | |
| : | |
| Plaintiff, : | CIVIL NO. 4:10-CV-1706 |
| : | |
| v. : | (Judge McClure) |
| : | |
| PENNSYLVANIA DEPARTMENT : | |
| OF CORRECTIONS, *et al.*, : | |
| : | |
| Defendants. : | |

## **MEMORANDUM**

September 14, 2010

## I. INTRODUCTION

Plaintiff Francis R. Ferri ("Plaintiff" or "Ferri"), an inmate presently confined at the Dallas State Correctional Institution ("SCI Dallas") in Dallas, Pennsylvania, initiated the above civil rights action *pro se* by filing a document entitled "Petition for a Preliminary Injunction." Although the petition was docketed as a complaint under the provisions of 42 U.S.C. § 1983, it is a motion requesting preliminary injunctive relief. Because Federal Rule of Civil Procedure 3 requires that civil actions be commenced by filing a complaint, by Order dated August 19, 2010, we directed Plaintiff to file a complaint within fourteen (14) days. (Rec. Doc. No. 7.)

In his Complaint, filed on August 26, 2010, Plaintiff names the Pennsylvania

Department of Corrections ("DOC") and JPay as Defendants. (Rec. Doc. No. 9.) He alleges that the contract that the DOC has entered into with JPay whereby all money orders that are sent to DOC inmates must be processed through JPay violates the constitutional rights of DOC inmates and their financial supporters. (*Id.*)

Plaintiff has filed a motion for leave to proceed *in forma pauperis* in this action. For the reasons set forth below, his request for *in forma pauperis* status will be granted for the sole purpose of filing this action, and his Complaint will be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

## II.   BACKGROUND

As relief in the instant action, Ferri seeks a preliminary and permanent injunction to enjoin the DOC and JPay from performing on a contract that they have entered into whereby, as of September 1, 2010, the sole method by which individuals who want to send money orders to provide funds to DOC inmates is through JPay. On its website, JPay is described as follows:

> JPay is a service provided to family and friends of inmates incarcerated in state, county and federal correction facilities. JPay partners with departments of corrections, prisons and jails across the country to provide money transfer, email and video visitation services for family and friends. Parolees can use JPay to pay restitution and manage a Release

Debit Card.[1]

The DOC has provided the following notice on its website of the change in the processing of money orders: "**MONEY ORDERS**: Beginning **September 1, 2010**, the DOC will begin using JPAY for the processing of **ALL** money orders sent to DOC inmates. <u>As of September 1, 2010, money orders no longer will be accepted at individual DOC prisons.</u>"[2]

Ferri alleges that the DOC's refusal to directly accept money orders on behalf of inmates in DOC custody to pay for their medical and legal services, as well as to access the courts and postal services, violates the Constitution. (Rec. Doc. No. 9 § IV 1.) He alleges that the implementation of the contract between the DOC and JPay will irreparably harm most inmates and absolutely harm their financial supporters, many of whom are disabled and protected by the Americans with Disabilities Act ("ADA"). (*Id.* ¶ 2.) He further alleges that the procedure whereby all money orders intended for DOC prisoners must be made payable to JPay violates federal laws regarding the "impairment of contracts." (*Id.* ¶ 3.)

---

[1]*See* JPay website, http://www.jpay.com.

[2]*See* DOC website, http://www.cor.state.pa.us/.

3

**III. DISCUSSION**

In the section of his form Complaint requiring Plaintiff to state whether he has exhausted his administrative remedies before filing this action, Plaintiff admits that he never has filed a grievance relating to the issues he seeks to pursue in the instant action. (Rec. Doc. No. 9 § II.) In explaining his failure to even initiate the grievance process, Plaintiff states that, "The DOC's Secretary approved the illegal action complained of; nothing to exhaust. Time is of the essence, to avoid irreparable harm." (*Id.* ¶ D.)

The Prison Litigation Reform Act ("PLRA") requires inmates to present their claims through an administrative grievance process before filing suit in federal court. Specifically, section 1997e(a) of Title 42 of the United States Code provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." This "exhaustion requirement applies to **all** inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002) (emphasis added).

"'[I]t is beyond the power of this court- or any other- to excuse compliance with the exhaustion requirement, whether on the ground of futility, inadequacy or any other basis.'" *Nyhuis v. Reno,* 204 F.3d 65, 73 (3d Cir. 2000) (quoting *Beeson v. Fishkill Corr. Facility,* 28 F. Supp. 2d 884, 894-95 (S.D.N.Y. 1998) (citing *Weinberger v. Salfi,* 422 U.S. 749, 766 (1975)). The PLRA "completely precludes a futility exception to its mandatory exhaustion requirement." *Nyhuis,* 204 F.3d at 71. The PLRA also mandates that inmates "properly" exhaust administrative remedies before filing suit in federal court. *Woodford v. Ngo,* 548 U.S. 81, 92 (2006).

Although failure to exhaust is an affirmative defense to be raised by a defendant, district courts are authorized to *sua sponte* dismiss inmate complaints pursuant to § 1997e(a) when failure to exhaust administrative remedies is apparent on the face of the complaint. *See Pena-Ruiz v. Solorzano*, 281 Fed. Appx. 110, 112 n.3 (3d Cir. 2008) (unpublished); *see also Ray v. Kertes*, 285 F.2d 287 n.5 (3d Cir. 2002); *Nyhuis*, 204 F.3d at 66. Accordingly, in light of the fact that Plaintiff admits in his Complaint that he has not exhausted his administrative remedies, we will dismiss the Complaint on that basis.

A dismissal of a complaint for failure to exhaust may be without prejudice in order to allow an inmate to exhaust his administrative remedies and re-file his

complaint. However, our dismissal will be with prejudice in light of the fact that, as set forth below, Plaintiff has failed to name a proper defendant, and that, even if he were given leave to amend to name a proper defendant, no amendment to his allegations would allow him to state a claim which relief may be granted.

Ferri has failed to name a proper defendant to proceed with a civil rights action under the provisions of § 1983. To state a § 1983 claim, a plaintiff must plead two essential elements: (1) the conduct complained of was committed by a ***person*** acting under color of state law; and (2) the conduct deprived the plaintiff of a right, privilege or immunity secured by the Constitution or laws of the United States. *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000). Ferri has named the Pennsylvania DOC and JPay as Defendants. (Rec. Doc. No. 9.) The Third Circuit Court of Appeals has determined that the Pennsylvania DOC is not a "person" within the meaning of § 1983. *Adams v. Hunsberger*, 262 Fed. Appx. 478, 481 (3d Cir. 2008); *Lavia v. Pennsylvania Dep't of Corrections*, 224 F.3d 190, 195 (3d Cir. 2000) (finding that Pennsylvania DOC is part of executive department of the Commonwealth).

JPay also is not a "person" within the meaning of § 1983, but is a corporate entity. To the extent that Ferri seeks to hold JPay liable merely because it has contracted with the Pennsylvania DOC to process money orders intended for inmates,

6

a private corporation contracting with a state cannot incur § 1983 liability by way of *respondeat superior*. *See Natale v. Camden County Corr. Facility,* 318 F.3d 575, 583-84 (3d Cir.2003); *see also Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 691-94 (1978) (holding that a municipality may not be held liable under § 1983 on a theory of *respondeat superior* ). In order to hold a private corporation liable under § 1983, a plaintiff must show that he suffered a constitutional deprivation resulting from an official corporate policy or custom. *See Natale,* 318 F.3d at 583-84 (applying *Monell* to Prison Health Services, a corporation that provides medical care to the prisons). A policy is an official proclamation or edict, while a custom is "so permanent and well settled as to virtually constitute law." *Beck v. City of Pittsburgh,* 89 F.3d 966, 971 (3d Cir. 1996) (quoting *Andrews v. City of Phila.,* 895 F.2d 1469, 1480 (3d Cir.1990) (citations omitted)).

Ferri's claim for relief does not stem from some policy or custom of JPay; rather, he seeks relief based on the alleged negative ramifications of the Pennsylvania DOC's decision to terminate its practice of directly processing money orders that are sent to inmates. The representatives of JPay merely are performing the service that they have been requested to perform by DOC officials. Therefore, Ferri cannot state a claim of a violation of his constitutional rights by JPay that is actionable under

§ 1983.

Notwithstanding Ferri's failure to name a proper defendant, his allegations fail to form the basis for a claim upon which relief may be granted. Inmates do not have a constitutional right to have money orders that are sent to them as gifts by individuals outside of the prison processed directly by the DOC. Ferri's claim that the DOC's refusal to directly accept money orders from prisoners as payment for various services also fails to implicate a constitutional right. This allegation has no basis in fact because, even when the DOC directly processed money orders, inmates did not have the ability to present a money order itself as direct payment for services. Rather, as explained by Ferri in his petition for a preliminary injunction, the funds from a money order are deposited into an inmate's account, and the inmate then may direct the deduction of funds from his account for services by utilizing a cash slip or commissary menu form. (*See* Rec. Doc. No. 1 at 2-3.)

Ferri's claim that individuals outside of the DOC prison system possess a right to have their monetary gifts to inmates in the form of money orders processed directly by the DOC rather than through JPay also fails to implicate a constitutional right. Ferri alleges that the new procedure requiring individuals to use a JPay deposit slip violates the rights of individuals who are protected by the ADA, many of whom send

8

money to DOC inmates. Notwithstanding whether Ferri even has standing to assert a claim under the ADA on behalf of these individuals, there is no constitutional right for Ferri to attempt to protect on their behalf.

For the foregoing reasons, Ferri's Complaint fails to state a claim upon which relief may be granted, and it will be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). In the Third Circuit, a court must grant leave to amend before dismissing a civil rights complaint that is merely deficient. *See, e.g., Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 252 (3d Cir. 2007); *Weston v. Pennsylvania*, 251 F.3d 420, 428 (3d Cir. 2001). "Dismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility." *Alston v. Parker*, 363 F.3d 229, 236 (3d Cir. 2004). In this case, because Ferri's allegations do not form the basis of a 1983 claim, no amendment could cure the defects in his claims, and therefore, dismissal of his Complaint will be with prejudice. An appropriate Order follows.

                                                **s/** James F. McClure, Jr.
                                                JAMES F. McCLURE, JR.
                                                United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FRANCIS R. FERRI, :
:
    Plaintiff, : CIVIL NO. 4:10-CV-1706
:
v. : (Judge McClure)
:
PENNSYLVANIA DEPARTMENT :
OF CORRECTIONS, *et al.*, :
:
    Defendants. :

**ORDER**

September 14, 2010

In accordance with the foregoing Memorandum, **IT IS HEREBY ORDERED THAT:**

1.    Plaintiff's motion for leave to proceed *in forma pauperis* (Rec. Doc. No. 2) is construed as a request to proceed without full prepayment of fees and costs, and is **GRANTED** for the sole purpose of filing this action.[3]

2.    Plaintiff's Complaint (Rec. Doc. No. 9) is **DISMISSED** with prejudice for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii).

3.    Plaintiff's request for a preliminary injunction (Rec. Doc. Nos. 1, 8) is

---

[3] Dismissal of this action does not relieve Plaintiff of the obligation to pay the full filing fee. Until the filing fee is paid in full, the Administrative Order issued on August 16, 2010 (Rec. Doc. No. 6) is binding on the Superintendent of SCI Dallas, as well as the Superintendent of any correctional facility to which Plaintiff is transferred.

**DENIED** as moot.

4. The Clerk of Court shall **CLOSE** this case.

5. Any appeal from this Order will be deemed frivolous, without probable cause, and not taken in good faith.

                                            **s/** James F. McClure, Jr.
                                            JAMES F. McCLURE, JR.
                                            United States District Judge